IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE STANGE, | : | |
| Plaintiff, | : | Case No. 2:05-cv-590 |
| v. | : | Judge Holschuh |
| DELOITTE & TOUCHE, et al., | : | Magistrate Judge King |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Christine Stange filed suit against her former employer, Deloitte & Touche (ICS), Deloitte & Touche LLP, David Adler, Lawrence Hilsheimer, and Robert Gorman. Count I of the Complaint alleges sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and Ohio Revised Code Chapter 4112. Count II alleges violations of the Equal Pay Act, 29 U.S.C. § 206(d), and Ohio Revised Code Chapter 4111. In Count III, Plaintiff asserts a claim for "wrongful adverse employment action in violation of public policy." This matter is currently before the Court on Defendants' motion to dismiss Count III, the public policy claim. (Record at 8). For the reasons set forth below, Defendants' motion is granted.

**I.     Background**

According to the Complaint, Plaintiff was employed by Deloitte & Touche from September of 1998 until August of 2004. She alleges that, although she received satisfactory performance evaluations in her position as a Senior Manager, she was paid considerably less money than her similarly-situated male counterparts. According to Plaintiff, Defendants denied her equal pay and promotional increases because of her sex. She further alleges that, although

she complained about the wage disparity, Defendants did nothing to remedy it.

Plaintiff seeks relief under Title VII, the Equal Pay Act, and Ohio Revised Code Chapters 4111 and 4112.  She also asserts a claim of "wrongful adverse action in violation of public policy."  Plaintiff seeks a declaratory judgment, back pay, front pay, reimbursement for expenses, compensatory damages, liquidated damages, punitive damages, attorney fees and costs.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants have moved to dismiss Count III, Plaintiff's claim of "wrongful adverse employment action in violation of public policy."

## II.     Standard for Granting Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.  The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  See Scheuer v. Rhodes, 4l6 U.S. 232, 236 (1974); Arrow v. Federal Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir. 2004); Mayer, 988 F.2d at 638. Although the Court must liberally construe the complaint in favor of the party opposing the motion to dismiss, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000); Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).  The Court will,

however, indulge all reasonable inferences that might be drawn from the pleading. See Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 228 (6th Cir. 1997).

When determining the sufficiency of a complaint in the face of a motion to dismiss, a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Yushasz v. Brush Wellman, Inc., 341 F.3d 559, 562 (6th Cir. 2003). Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. Jackson v. Birmingham Bd. of Educ., -- U.S. -- , 125 S. Ct. 1497, 1510 (2005) (citing Scheuer, 416 U.S. at 236).

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Conley, 355 U.S. at 47; Lewis, 135 F.3d at 405. However, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)(emphasis original). Bare assertions of legal conclusions are insufficient. See id.; Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). The Court will grant a motion for dismissal under Rule 12(b)(6) if

3

there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. Little v. UNUM Provident Corp., 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)).

### III. Discussion

Under some circumstances, an employer who wrongfully discharges an employee in violation of a clearly expressed public policy may be liable in tort. See Bicudo v. Lexford Prop., Inc. (2004), 157 Ohio App. 3d 509, 2004-Ohio-3202, 812 N.E.2d 315, at ¶ 78. A plaintiff seeking to recover for wrongful discharge in violation of public policy must establish four elements:

1. That clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element).

2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element).

3. The plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).

4. The employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).

Wiles v. Medina Auto Parts (2002), 96 Ohio St. 3d 240, 2002-Ohio-3994, 773 N.E.2d 526, at ¶¶ 7-10 (quotation omitted). The first two elements are questions of law; the second two elements are questions of fact. Id. at ¶ 11.

In this case, Defendants argue that Plaintiff cannot satisfy the second element, the "jeopardy" element, because Ohio Revised Code Chapter 4112 and the Equal Pay Act provide

adequate remedies for the alleged wrongdoing. As the Ohio Supreme Court explained in Wiles:

> An analysis of the jeopardy element necessarily involves inquiring into the existence of any alternative means of promoting the particular public policy to be vindicated by a common-law wrongful-discharge claim. Where, as here, the sole source of the public policy opposing the discharge is a statute that provides the substantive right and remedies for its breach, "the issue of adequacy of remedies" becomes a particularly important component of the jeopardy analysis. "If the statute that establishes the public policy contains its own remedies, it is less likely that tort liability is necessary to prevent dismissals from interfering with realizing the statutory policy." Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests. In that situation, the public policy expressed in the statute would not be jeopardized by the absence of a common-law wrongful-discharge action in tort because an aggrieved employee has an alternate means of vindicating his or her statutory rights and thereby discouraging an employer from engaging in the unlawful conduct.

Id. at ¶ 15 (internal citations omitted). The public policy claim at issue in Wiles was based on the Family and Medical Leave Act ("FMLA"). The court held that even though punitive damages were not available under the FMLA, the FMLA nevertheless contained a "comprehensive remedial scheme" which included compensatory damages, liquidated damages, and equitable relief. Because the plaintiff could already be made whole, the statute adequately protected the public policy expressed in the FMLA, and there was no need to allow him to pursue a separate cause of action for wrongful discharge in violation of public policy.

Since the Wiles decision was issued, Ohio courts have repeatedly held that the broad scope of remedies available under Title VII and Ohio Revised Code § 4112.99 adequately protect against discrimination and unlawful retaliation. See Carrasco v. NOAMTC, Inc., No. 03-

4229, 2004 WL 2756838, at *7 (6th Cir. Dec. 1, 2004) (rejecting public policy claim since plaintiff "has a remedy available to him under both Title VII and the [Ohio Civil Rights Act]"); James v. ABX Air, Inc., No. 1:03-cv-00480, 2006 WL 783465, at *10 (S.D. Ohio March 23, 2006) (relying on Carrasco and granting summary judgment in favor of employer on public policy claim); Feichtner v. Roman Catholic Archdiocese of Cincinnati, No. 1:05-cv-00398, 2006 WL 571962, at *3 (S.D. Ohio March 7, 2006) (relying on Carrasco and holding that the "broad scope of remedies available under R.C. § 4112.99 is sufficient to vindicate Ohio's public policy goals, and thus forecloses a separate cause of action for violation of public policy"); Lewis v. Fairview Hosp. (2004), 156 Ohio App.3d 387, 2004-Ohio-1108, 806 N.E.2d 185, at ¶ 15 (affirming dismissal of public policy claim because § 4112.99 contains adequate remedies); James v. Delphi Auto. Sys., 10th Dist. No. 04AP-215, 2004-Ohio-5493, at ¶ 34 (holding that remedies available under § 4112.99 "are sufficient to provide complete relief"); Barlowe v. AAAA Int'l Driving Sch., Inc., 2d Dist. No. 19794, 2003-Ohio 5748, at ¶ 39 (concluding that "the remedies provided by R.C. 4112.99 provide broad relief which is sufficiently comprehensive to vindicate the policy goals set forth in that statute"); Satterwhite v. Faurecia Exhaust Sys., Inc., No. 3:02-cv-574, 2005 WL 1279253, at *17 (S.D. Ohio May 31, 2005) (dismissing public policy claim because Ohio Revised Code § 4112.99 provides an adequate remedy); Gray v. Allstate Ins. Co., No. 1:03-cv-910, 2005 WL 2372845, at *8 (S.D. Ohio Sept. 26, 2005) ("remedies provided by the Ohio Civil Rights Act are sufficient to protect the public policy underlying the anti-discrimination laws, state and federal"); Roshen v. CBC Companies, No. 05-cv-757, 2006 WL 783371, at *3 (S.D. Ohio March 24, 2006) ("because the remedies available under Title VII and Chapter 4112 are adequate, Roshen has failed to establish the

jeopardy element"); Nelson v. The Scotts Co., No. C2-05-159, 2005 WL 2373439, at *3 (S.D. Ohio Sept. 27, 2005) ("remedies provided by both Title VII and Ohio Revised Code § 4112.99 would adequately compensate any victim of employment discrimination"); Kaltenmark v. K-Mart, Inc., No. 1:04CV2347, 2005 WL 2406147 (N.D. Ohio Sept. 29, 2005)("the Court agrees with the majority of Ohio courts that have concluded that Section 4112 is a remedial statute that adequately protects society's interests in preventing employment discrimination . . . [t]he Court concludes that Ohio would not recognize a Greeley claim based upon the public policy set forth in either Title VII or O.R.C. §4112").

Plaintiff does not argue that the remedies provided by these statutes are inadequate. Instead, she argues that Wiles is either inapplicable because it involved a public policy claim based on the FMLA, or is not controlling because it was a plurality, rather than a majority, opinion. In support of her memorandum in opposition to Defendants' motion to dismiss her public policy claim, Plaintiff cites to four post-Wiles cases. The first, Coolidge v. Riverdale Local School District (2003), 100 Ohio St. 3d 141, 2003-Ohio-5357, 797 N.E.2d 61, is completely inapposite. The court in that case noted that the plaintiff, a teacher employed under a continuing contract, was not an employee-at-will. Therefore, she could not maintain a cause of action for wrongful discharge in violation of public policy, which was "generally conceived in Ohio and elsewhere, as an exception to the employment-at-will doctrine." Id. at ¶¶ 19-20. The court nevertheless held that the school board could not discharge her for reasons "repugnant to public policy," and since the discharge of an injured teacher for absenteeism and inability to work violated public policy as expressed in the Workers' Compensation Act, plaintiff's discharge was actionable under Ohio Revised Code § 3319.16. Id. at ¶ 52. In short, while the

7

case involved a public policy issue, there was no need for the court to address the four elements of a wrongful discharge claim since the plaintiff was not an at-will employee.

The second case cited by Plaintiff is Mercurio v. Honeywell, No. C1-02-275, 2003 WL 966287 (S.D. Ohio March 5, 2003).  In that case, Magistrate Judge Hogan recommended that the Court allow plaintiff to proceed with his public policy claim because the remedies available to plaintiffs asserting claims of age discrimination under Ohio Revised Code § 4112.14 were much narrower than the remedies available under the FMLA, the statute at issue in Wiles.  Because the remedies available under Ohio Revised Code § 4112.99 are much broader than the remedies available under § 4112.14, and broader than the remedies available under the FMLA, Mercurio does not support Plaintiff's argument.

The two other cases cited by Plaintiff arose in the Northern District of Ohio and appear to be anomalies.  In one, Burgett v. BFI Waste Systems of North America, Inc., 328 F. Supp. 2d 769 (N.D. Ohio 2004), the court, relying on the pre-Wiles case of Collins v. Rizkana, 73 Ohio St. 3d 65, 652 N.E.2d 653 (Ohio 1995), held that the plaintiff, who alleged sexual harassment and discrimination, could bring a claim of wrongful discharge in violation of public policy.  In the view of this Court, Burgett's reliance on Collins is misguided for two reasons.  First, the court in Collins held that "there is no need to consider whether the remedies contained in R.C. Chapter 4112" were adequate to protect the public interest; since the defendant employed fewer than four persons, he was not subject to the requirements of that statute, and Plaintiff was precluded from availing herself of those remedies.  Collins, 73 Ohio St. 3d at 74, 652 N.E.2d at 660.  Second, the court in Burgett completely failed to acknowledge the existence of the Wiles decision.

In the other case cited by Plaintiff, Mulvin v. City of Sandusky, 320 F. Supp. 2d 627

(N.D. Ohio 2004), the court summarily found that the jeopardy element of plaintiff's public policy claim was satisfied because plaintiff had presented evidence that he was terminated in retaliation for reporting sexual harassment, and "to allow dismissals to occur under circumstances such as those plaintiff alleges clearly would contravene Ohio's public policy." Id. at 639. Again, the court made no mention of the Wiles decision and completely failed to address the issue of whether the statutory remedies available to the plaintiff were sufficient to make him whole. For this reason, Plaintiff's reliance on Mulvin is also misguided.[1]

As discussed above, the vast majority of courts addressing the issue have held that because Title VII and Ohio Revised Code Chapter 4112 provide a comprehensive set of remedies for claims of employment discrimination and retaliation, there is no need to allow plaintiffs to also pursue tort claims for wrongful discharge in violation of public policy. Because Plaintiff has failed to prove that public policy would be jeopardized by not allowing her to proceed with her public policy claim, dismissal of this claim is warranted.

There is an additional basis for the Court's decision, one alluded to by Defendants in a footnote in their motion to dismiss. Plaintiff's claim is entitled "wrongful adverse action in violation of public policy." She does not allege that she was terminated or that she was constructively discharged; she alleges only that she was not paid as much as her male counterparts. As the court noted in Woods v. Miamisburg City Schools, 254 F. Supp. 2d 868,

---

[1] Just a few months after Mulvin was decided, the same judge who authored that opinion issued an opinion in Mischer v. Erie Metropolitan Housing Authority, 345 F. Supp. 2d 827 (N.D. Ohio 2004). In Mischer, he held that because the plaintiff had asserted claims under Title VII and Ohio Revised Code § 4112, both which provided adequate statutory remedies, the court "should not also entertain a claim of wrongful discharge in violation of public policy." Id. at 832 (citing Wiles, 96 Ohio St. 3d at 244).

877 (S.D. Ohio 2003), "although Ohio recognizes claims for discharge in violation of public policy, . . . Ohio courts have repeatedly rejected attempts to expand that claim beyond the discharge of an at-will employee." See also Bools v. General Elec. Co., 70 F. Supp. 2d 829, 832 (S.D. Ohio 1999)("Ohio appellate courts seem hesitant about expanding the exception [to] the doctrine of employment-at-will beyond claims of wrongful termination"); Evans v. Toys R Us-Ohio, Inc., 32 F. Supp. 2d 974, 990 (S.D. Ohio 1999)("A review of relevant case law shows that the public policy tort has not been extended to claims for failure to promote or retaliation"); Strausbaugh v. Ohio Dep't of Transp. (2002), 150 Ohio App. 3d 438, 2002-Ohio-6627, 782 N.E.2d 92, at ¶¶ 37-38 (refusing to recognize a cause of action for sexual harassment in violation of public policy). Like these courts, this Court is reluctant to expand the scope of recognized public policy claims.

**IV.    Conclusion**

Because Plaintiff has adequate statutory remedies, and because Ohio does not recognize a cause of action for violation of public policy outside the context of a wrongful discharge, the Court **GRANTS** Defendants' motion to dismiss Count III of the Complaint. (Record at 8).

**IT IS SO ORDERED.**


Date: April 5, 2006                                        /s/ **John D. Holschuh**
                                                          John D. Holschuh, Judge
                                                          United States District Court